IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STANLEY KIM, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:10-CV-1910-CAP |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-130-CAP-LTW-2 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 26 day of May, 2011.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STANLEY KIM, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:10-CV-1910-CAP |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-130-CAP-LTW-2 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, challenges pursuant to 28 U.S.C. § 2255 his convictions in this Court for money laundering, conspiring to launder money, and failing to report certain financial transactions. (Doc. 201).[1] The Government has filed a response opposing the motion, (Doc. 205), and Movant has filed a reply to that response, (Doc. 208). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that Movant be denied a certificate of appealability.

## I. Background

On November 14, 2008, Movant pled guilty to one count of conspiring to launder money, eight counts of money laundering, and eight counts of "structuring," i.e., failing

---

[1] Unless otherwise indicated, all citations to the record in this Order refer to criminal action number 1:07-CR-130-CAP-LTW.

to report to the federal government a financial transaction involving more than $10,000 in cash. (Doc. 143 ("Plea (Tr. at )..")). There was no plea agreement.

Movant was the president of King Kong Motors, a used car dealership in Atlanta that also offered financing services. Movant admitted in his plea that during a three-year period he conspired with others to launder money believed to be the proceeds of felonious activity by selling cars in exchange for cash derived from drug trafficking. Although each of the car sales at issue involved the exchange of more than $10,000 in cash, Movant admitted that he falsified the transaction records to reflect that the dealership received less than $10,000. False financing records also were created in some cases. Additionally, an Internal Revenue Service ("IRS") Form 8300, used to report business transactions involving more than $10,000 in cash, was not submitted to the government for the car transactions because Movant intended to evade the reporting requirement. Hundreds of thousands of dollars in drug trafficking proceeds were laundered through Movant's car dealership over the course of the crime.

On January 30, 2009, the Court sentenced Movant to a total of ninety-six months' imprisonment, among other things. (Doc. 162 ("Sent. Tr.")). In doing so, the Court departed downward from the Sentencing Guidelines range of 121 to 152 months' imprisonment. Movant appealed his sentence, and the Eleventh Circuit affirmed.

*United States v. Kim*, 343 F. App'x 586 (11th Cir. 2009). Donald Samuel and other lawyers at Garland, Samuel, & Loeb, P.C. represented Movant at his plea and sentencing hearings and on appeal.

## II. Movant's Claims

In his § 2255 motion, Movant asserts that he received ineffective assistance of counsel. (Doc. 201). Specifically, Movant alleges his counsel was ineffective in:

1. advising him to plead guilty to the incorrect statutory offenses of 31 U.S.C. §§ 5331 & 5332 and 31 C.F.R. § 103.30 and not raising the issue on appeal;

2. failing to argue at sentencing and on appeal for the application of *United States v. Santos*, 553 U.S. 507 (2008) to his money laundering convictions;

3. waiving at sentencing his objection to the six-point sentence enhancement regarding the source of the laundered money and not raising the issue on appeal;

4. waiving at sentencing his objection to the four-point sentence enhancement for role in the offense and not raising the issue on appeal;

5. failing to argue at sentencing that his deteriorating health issues should be considered as mitigating factors; and

6. that counsel had a conflict of interest regarding attorney fees Movant owed them, resulting in Movant entering a guilty plea that was neither knowing nor voluntary.

(*Id.* at 5.) Respondent contends that all of Movant's claims lack merit. (Doc. 205).

3

## III. Applicable Law

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). An alleged error "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotations omitted).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and

"must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

## IV.   Analysis

An evidentiary hearing is not warranted in this case because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). As discussed below, the record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

5

A.      Claim One: Incorrect Statutory Offenses for Structuring Counts

Movant argues that his counsel was ineffective for advising him to plead guilty to the eight counts of structuring because those counts of the indictment accused him of failing to file with the government IRS Form 8300, but the statutes and federal regulations cited in the indictment do not mention Form 8300. Movant also argues that the structuring counts of the indictment accused him of violating 31 U.S.C. § 5332, which prohibits bulk cash smuggling into or out of the United States, although there is no evidence he engaged in such conduct.

As Respondent notes, the structuring counts of the indictment do not mention 31 U.S.C. § 5332. (Doc. 1.) Instead, the structuring counts accused Movant of violating 31 U.S.C. § 5322, which prohibits the willful failure to report certain cash transactions. (*Id.*) Movant pled guilty to violating § 5322, not § 5332. (Plea Tr. at 16-22.) Thus, Movant's counsel was not ineffective in connection with his guilty plea as to the eight violations of 31 U.S.C. § 5322.

Movant cannot show that he was prejudiced by his counsel's alleged misadvice regarding the structuring counts and IRS Form 8300. That is because Movant was sentenced to only sixty months' imprisonment on those counts, which runs concurrently with his longer sentences of ninety-six months' imprisonment on the eight money

6

laundering counts and ninety-six months' imprisonment on the money laundering conspiracy count. (Sent. Tr. at 37-38.) Thus, even if Movant had not pled guilty to the eight structuring counts, he would have received the same sentence. Movant does not contend otherwise.

Movant suggests that, in addition to the sentence itself, "adverse collateral legal consequences" must be considered in the prejudice analysis. (Doc. 208 at 3-4.) However, Movant does not identify any such collateral consequences that flow only from his conviction on the structuring counts and not from his other convictions. Movant's has not shown prejudice from his counsel's alleged misadvice regarding the structuring counts, and the failure to establish either prong of *Strickland*'s test for an ineffective assistance claim dooms the claim. *See Strickland*, 466 U.S. at 697. Accordingly, Movant is not entitled to relief on claim one.

  B. <u>Claim Two: Applicability of *Santos* to Money Laundering Counts</u>

Movant argues that, pursuant to *Santos*, only the profits, and not the gross revenues or proceeds, from the money laundering transactions should have been considered in determining his sentence for the eight money laundering counts. In *Santos*, a case involving proceeds from an illegal lottery, four justices concluded that "proceeds," as used in 18 U.S.C. § 1956, the money laundering statute, means "profits"

7

and not gross receipts. *Santos*, 553 U.S. at 514. Justice Stevens concurred in the judgment, but disagreed with the scope of the plurality opinion's interpretation of "proceeds," concluding that "proceeds" should mean profits in a case involving an illegal lottery operation, but not necessarily in other cases, like those involving the sale of contraband. *Id.* at 525-26 (Stevens, J., concurring) ("As Justice ALITO rightly argues, the legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales.").

The money laundering to which Movant pled guilty involved cash proceeds from drug trafficking, i.e., proceeds from the sale of contraband. As the Eleventh Circuit has observed, given Justice Stevens' concurrence, "[t]he narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009) (finding that "*Santos* has limited precedential value" because "[t]hree parts of Justice Scalia's four-part opinion are for a plurality of justices, and those parts do not state a rule for this case"). The defendant in *Demarest*, like Movant, was convicted of laundering proceeds from drug trafficking. *Id.* As the Eleventh Circuit held in *Demarest*, *Santos* does not apply to such a case. *Id.* Thus, Movant's counsel was not

8

ineffective for failing to argue otherwise.

Movant contends that his counsel should have argued on direct appeal that *Santos* was applicable to his money laundering convictions because the Eleventh Circuit had not decided *Demarest* at that time. Movant's counsel filed Movant's appellate brief on May 18, 2009. Brief of Appellant, *United States v. Kim*, No. 09-10822 (11th Cir. May 18, 2009). The Eleventh circuit decided *Demarest* three weeks later, on June 10, 2009. *Demarest*, 570 F.3d at 1232.

To prevail on his ineffective assistance of counsel claim, Movant must show that no objectively competent lawyer would have failed to argue that *Santos* applied to Movant's case and that his counsel's failure to do fell below objectively reasonable standards. *See Chandler*, 218 F.3d at 1315. Movant has not done so. The Eleventh Circuit's issuance of its opinion in *Demarest* after Movant's counsel presented their arguments on appeal does not support a finding that Movant's counsel failed to meet *Strickland*'s objectively reasonable performance standard. The Eleventh Circuit's conclusion in *Demarest* regarding *Santos*' limited precedential value is obvious from a plain reading of *Santos* and would have been obvious to a reasonably competent lawyer at the time of Movant's appeal.

Moreover, Movant cannot show that he was prejudiced by his counsel's failure

9

to argue on appeal that *Santos* should apply in this case because the Eleventh Circuit, while Movant's appeal was pending, rejected that argument and decided that *Santos* does not apply to laundering of drug trafficking proceeds. *Demarest*, 570 F.3d at 1242. Thus, the outcome of Movant's appeal would not have been different if Movant's counsel had pressed the argument. Movant is not entitled to relief on claim two.

C.   Claim Three: Six-Point Sentence Enhancement for Source of Funds

Prior to sentencing, Movant's counsel objected to the six-point enhancement proposed in the Presentence Report based on Movant's knowledge or belief, at the time of the crime, that the cash he was laundering was proceeds of drug trafficking. *See* U.S. Sentencing Guidelines Manual § 2S1.1(b)(1) (2003) (providing for a six-level enhancement if "the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote [] an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical"). Movant's counsel withdrew the objection at sentencing, which facilitated Movant's receipt of a two-point reduction for acceptance of responsibility under the Sentencing Guidelines. Movant argues that his counsel was ineffective for withdrawing the objection, and thus failing to preserve the issue for appeal, because he did not know or believe the laundered money was the proceeds of unlawful activity, specifically drug trafficking,

10

and did not admit that he had such knowledge or belief.

At his plea hearing, in response to specific questions, Movant admitted under oath that he knew at the time of his crimes that the money he was laundering was the proceeds of felonious conduct. (Plea Tr. at 17-19, 24.) The uncontradicted evidence that formed the factual basis of Movant's guilty plea demonstrated, among other things, that Movant laundered money received from an undercover agent who told Movant the money was the proceeds of cocaine transactions. (Sent. Tr. at 27-30 & Exs. 1-5.) Movant's meetings with the undercover agent in which the source of the laundered money was discussed were recorded by video and played at Movant's sentencing hearing. (*Id.* at 28-30.) Although Movant may contend that he did not believe the undercover agent when he told Movant that the money was the proceeds of drug trafficking, the evidence amply supported the Court's factual finding at sentencing that Movant knew or believed the money came from that particular source.[2] *See United States v. Starke*, 62 F.3d 1374, 1382 (11th Cir. 1995) ("[I]n order to satisfy the representation element of § 1956(a)(3), the Government need only prove that a law

---

[2] The Court, and not a jury, need only find by a preponderance of the evidence the facts supporting application of a sentencing enhancement under the advisory guidelines sentencing regime. *United States v. Douglas*, 489 F.3d 1117, 1129 (11th Cir. 2007).

11

enforcement officer or other authorized person made the defendant aware of circumstances from which a reasonable person would infer that the property was drug proceeds."). Thus, it was not objectively unreasonable for his counsel to withdraw the objection to the six-point sentence enhancement regarding the source of funds.

To the extent Movant argues that his counsel was ineffective because they did not object to the enhancement on the ground that the purported drug trafficking proceeds were actually government funds used in a sting operation, well-settled law forecloses that claim. "[E]mpirical knowledge of a fact based on objective truth does not set the limits for sentence enhancement when the defendant engages in the offense of laundering funds provided through a government 'sting' operation." *United States v. Perez*, 992 F.2d 295, 297 (11th Cir. 1993). "When a defendant's criminal intent is to launder drug proceeds, the defendant's knowledge is not dependent on establishing the actual source of the funds to overcome what was known by the defendant as a fact when he committed the offense." *Id.* Movant is not entitled to relief on claim three.

### D.    Claim Four: Four-Point Sentence Enhancement for Role in the Offense

Similar to claim three, Movant argues in claim four that his counsel was ineffective for withdrawing an objection to the four-point enhancement the Court applied for Movant's role as an organizer or leader of the crimes he committed, thus

12

failing to preserve the issue for appeal. Movant contends that the evidence was insufficient to support the role enhancement. Movant is wrong.

After reviewing the extensive evidence of Movant's crimes, the Court found that Movant was "the leader and misled others into this [criminal] enterprise." (Sent. Tr. at 37-40.) There was ample evidence to support the role enhancement. Indeed, at his plea hearing Movant admitted to facts, described by Respondent's counsel, supporting the finding that he played an aggravated role in the offense as the president and owner of the car dealership that was the medium for the illegal money laundering. (Plea Tr. at 10-14.) Thus, Movant has not shown that his counsel was constitutionally ineffective in not pursuing an objection to the four-point role enhancement in the face of the uncontradicted evidence supporting the enhancement. Movant is not entitled to relief on claim four.

### E.   Claim Five: Deteriorating Health Issues in Sentence Mitigation

Movant contends that his counsel was ineffective in not arguing for an additional variance or downward departure at sentencing based on Movant's deteriorating health. Movant had two heart attacks prior to sentencing and suffered from other health problems at that time.

Movant's counsel competently presented Movant's health issues to the Court.

Before the sentencing hearing, Movant's counsel filed a comprehensive and detailed sentencing memorandum, in which they identified Movant's health problems, including his two heart attacks and heart surgery, and argued that those facts supported a sentence below the guidelines range. (Doc. 151.) At the sentencing hearing, Movant's counsel presented Movant's family members, who further elaborated on Movant's serious health problems. (Sent. Tr. at 19-23.) Movant's counsel adequately informed the Court of Movant's deteriorating health, and the Court ultimately departed downward twenty-five months below the low end of the guidelines range when it sentenced Movant. The record refutes Movant's claim that his counsel was constitutionally deficient in this regard or that he was prejudiced by counsel's performance.[3] Movant is not entitled to relief on claim five.

F.    Claim Six: Fee Conflict Resulting in Invalid Plea

In his final claim, Movant argues that a conflict of interest developed between him and his counsel before he pled guilty because his counsel did not receive a payment

---

[3] Movant also suggests that his counsel was ineffective for not arguing for a downward departure based on cultural assimilation. The sentencing guidelines were amended in November 2010, almost two years after Movant was sentenced, to provide that a downward departure in cases involving the crime of unlawful presence in the United States may be based on the defendant's cultural assimilation. U.S. Sentencing Guidelines Manual § 2L1.2, Application Notes (2010). That portion of the guidelines does not apply in this case.

14

for their fees. Movant contends that after that point his counsel essentially abandoned him and pushed him toward a guilty plea. Movant contends that his counsel failed to advise him of the substantial rights he was waiving by pleading guilty and of the "indirect or collateral consequences of a plea of guilty," but does not identify the consequences to which he refers. (Doc. 208 at 10-11.) As a result of the alleged conflict of interest and counsel's subsequent poor representation, Movant contends that he did not knowingly and voluntarily plead guilty.

It is clear from Movant's statements and responses to the Court's questions at the plea hearing that Movant understood the rights he was waiving by pleading guilty and that he knowingly and voluntarily chose to plead guilty. (Plea Tr. at 3-10, 17-30.) Movant discussed those issues while under oath. (*Id.*) There is a "strong presumption that statements made by a defendant during his plea colloquy are true." *United States v. Cardenas*, 230 F. App'x 933, 935 (11th Cir. 2007).

Movant not only acknowledged his rights and the consequences of pleading guilty, he informed the Court that he was satisfied with his counsel's representation of him, that no one had threatened him to plead guilty, that no one had made any promises to him in exchange for pleading guilty, and that no one told him to state anything other than the truth at his plea hearing. (Plea Tr. at 9, 29.) While Movant suggests that his

15

counsel wanted him to plead guilty because of attorney fee issues, Movant does not contend that his counsel threatened to harm him or his case in any manner if he did not plead guilty. To the extent Movant now contends that he lied at the plea hearing, he has not met his "heavy burden to show his statements were false." *Cardenas*, 230 F. App'x at 935.

The record belies Movant's allegation of a conflict of interest between him and his counsel because of fee issues and his allegation that his counsel effectively abandoned him before he pled guilty. Movant contends that the partners at the law firm representing him relegated his case to an associate, Amanda Palmer, after the fee issue developed and before he pled guilty. However, Donald Samuel, a partner at the law firm, appeared at Movant's plea hearing and competently advocated on Movant's behalf at that hearing. (Plea Tr.) Samuel, his partner Edward Garland, and their associate Amanda Palmer all attended Movant's sentencing hearing and competently advocated for him. As discussed above, those lawyers also filed sentencing memoranda and motions on Movant's behalf before the sentencing hearing. The culmination of their zealous efforts was a significant downward departure in Movant's sentence, over Respondent's objection, in the face of overwhelming evidence of Movant's guilt in criminal activity that spanned three years.

Movant's counsel's efforts in representing Movant throughout this case undermine his unsupported allegation of a conflict of interest and effective abandonment. Indeed, Movant allowed the same law firm that he now contends no longer had his best interests in mind when he pled guilty to represent him all the way through appeal. Movant never asked for different counsel. Movant's own sworn statements at his plea hearing further undermine his belated claims and demonstrate that his guilty plea was knowing and voluntary. Accordingly, Movant is not entitled to relief on claim six.

## V.   Certificate of Appealability ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and internal quotations omitted). Where a § 2225 motion is denied on

17

procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

A COA is not warranted in this case. The record conclusively demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [201] be **DENIED**. **IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability.

**SO RECOMMENDED** this 26 day of May, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

18